**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EDWARD GARCIA,
      PLAINTIFF                                    Case No.:

v.

SHANER OPERATING CORPORATION
d/b/a ART OVATION HOTEL,
      DEFENDANT.
_____/

## **COMPLAINT**

Plaintiff, Edward Garcia, by and through his undersigned counsel, hereby brings this action for damages against Defendant, Shaner Operating Corporation, for damages and alleges Defendant violated 42 U.S.C. 1981 by discriminating against Plaintiff on the basis of his race and retaliating against Plaintiff in response to Plaintiff's complaints about racial discrimination. In further support of his allegations, Plaintiff further states as follows:

### Parties

1.     Plaintiff was employed by Defendant in the four years prior to this action.

2.     Defendant is a for-profit, domestic corporation operating as "Art Ovation Hotel".

3. Defendant hired Plaintiff as an assistant restaurant manager in the Restaurant inside the hotel called "Tzeva" on or about March 24, 2023.

## Jurisdiction

4. Plaintiff lives in Marion County, Florida.

5. Defendant is a corporation conducting business in Sarasota County, Florida.

6. Defendant employed Plaintiff in Sarasota County, Florida.

7. All material events occurred in Sarasota County, Florida.

8. This lawsuit has been filed in a timely manner.

9. All prerequisites have been satisfied.

10. Plaintiff brings this action against Defendant pursuant to 42 U.S.C. § 1981, and this Court has federal question jurisdiction over this claim.

11. Plaintiff is entitled, by virtue of 42 U.S.C. 1981, to be protected from racial discrimination and is further entitled to be free from retaliation in the workplace for reporting to their employer Plaintiff's race-based discrimination related complaints.

## General Factual Allegations

12. Plaintiff is a Hispanic male and a member of a protected class due to his race.

2

13.    Plaintiff was employed by Defendant as an assistant restaurant manager.

14.    Despite Plaintiff's race, Plaintiff was a qualified individual and was able to perform all essential functions of his job.

15.    During Plaintiff's employment, Plaintiff worked alongside Defendant's Roof Top Manager, Nick Purdue (White male).

16.    In June 2023, Plaintiff and Mr. Perdue were discussing work issues while at work when Mr. Perdue said to Plaintiff "For a Spanish dude, you do good work!".

17.    Mr. Perdue's statement was made to Plaintiff because Plaintiff is a Hispanic male.

18.    Mr. Perdue's statement was racially motivated and intimated that Hispanic males such as Plaintiff are lazy and are not hard workers.

19.    Mr. Perdue's statement was rooted in a decades old derogatory stereotype of Hispanics; that they are sleepy, lazy, and not hardworking.

20.    Plaintiff was offended and caught off guard by Mr. Perdue's racist statement about Plaintiff's work ethic.

21.    Plaintiff attempted to continue working, as normal, in the racist work environment Mr. Perdue created, however, he was unable to do so.

3

22.   Therefore, on July 6, 2023, Plaintiff complained to General Manager, Greg Tinsley, and Director of Food/Beverage, Chris Nogulich, about the racist comment made by Mr. Perdue.

23.   Plaintiff explained that Mr. Purdue's comments were racist and discriminatory, and they offended Plaintiff.

24.   Plaintiff's complaints to Defendant about racial discrimination were made in earnest and in good faith. Plaintiff complained because he wanted Defendant to take action to prevent the racism from continuing.

25.   Plaintiff's complaint about race discrimination was a protected activity and Defendant could not legally punish Plaintiff for making his complaint.

26.   The very next day, on July 7, 2023, Mr. Tinsley told Plaintiff that Plaintiff was suspended and was being investigated for allegedly making a social media post about Mr. Perdue.

27.   Plaintiff vehemently denied making any such social media post, however, Defendant suspended Plaintiff anyway.

28.   Notably, Defendant did not take any disciplinary action against Mr. Perdue for the racist comment he made to Plaintiff.

29.   On July 13, 2023, Mr. Tinsley informed Plaintiff that Plaintiff was being terminated; allegedly for violating Defendant's social media policy.

30.    Plaintiff once again explained that he did not make any social media post regarding Mr. Perdue but Defendant sustained the termination.

31.    Defendant fired Plaintiff because Plaintiff complained about, and objected to, racial discrimination.

32.    Defendant did not have any legitimate, non-retaliatory reason for terminating Plaintiff's employment.

33.    Defendant's proffered reason for terminating Plaintiff's employment is pretextual in nature and was a guise to hide Defendant's true reason for termination; that Plaintiff complained about race discrimination.

34.    Plaintiff was damaged emotionally and financially as a direct result of the termination.

35.    Plaintiff demands a trial by jury and seeks back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs.

**Count One**
**Retaliation in violation of 42 U.S.C. 1981**

36.    Plaintiffs hereby incorporates and re-alleges 1-35, above.

37.    Plaintiff is Hispanic male and therefore a member of a protected class due to his race.

38.    Plaintiff were employed by Defendant from approximately March 24, 2023, until July 13, 2023.

5

39. Defendant is engaged in interstate commerce because Defendant operates a hotel that provides lodging to people traveling to Florida from other states.

40. Plaintiff was subjected to racially disparate workplace during his employment with Defendant.

41. Defendant treated Plaintiff in a less favorable manner than non-Hispanic employees in Defendant's workplace.

42. Defendant treated Plaintiff in a less favorable manner than non-Hispanic employees because Plaintiff is a Hispanic male.

43. Plaintiff was entitled to be treated in the same manner as non-Hispanic employees and was entitled to receive the same terms, conditions, privileges, and benefits as the non-Hispanic employees in Defendant's workplace.

44. 42 U.S.C. 1981, in pertinent part states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other, thereby prohibiting employers such as Defendant from subjecting Plaintiff to a racially hostile work place".

45.    Plaintiff reported and objected to the racially motivated statement made by Mr. Perdue.

46.    Plaintiff's complaint was made directly to Defendant.

47.    Plaintiff's complaint was made in good faith and was a protected activity.

48.    Under 42 U.S.C. 1981, Defendant was not permitted to retaliate against Plaintiff for his good faith complaints to Defendant.

49.    Despite the provisions of 42 U.S.C. 1981, Defendant retaliated Plaintiff with extreme prejudice in direct response to Plaintiff's good faith complaint about racial discrimination.

50.    Defendant terminated Plaintiff's employment because Plaintiff complained about racial discrimination.

51.    Plaintiff were damaged as a direct result of Defendant's retaliatory behavior.

## **Jury Demand and Prayer for Relief**

 WHEREFORE, Plaintiffs desires a trial by jury and judgment and all relief available under 42 U.S.C. 1981, including back pay, front pay, emotional distress, punitive, compensatory damages as well as reasonable attorney fees and costs and pre-judgment interest and any other damages the Court deems appropriate.

7

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Info@KyleLeeLaw.com

8