UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDWARD GARCIA**,

        Plaintiff,

v.                                Case No: 8:24-cv-02981-WFJ-TGW

**SHANER OPERATING
CORPORATION**,
d/b/a **Art Ovation Hotel**

        Defendant.

_____/

## ORDER

Before the Court is Defendant Shaner Operating Corporation, d/b/a Art Ovation Hotel's ("AOH" or "Defendant") Motion to Dismiss the Amended Complaint. Dkt. 23. Plaintiff Edward Garcia ("Garcia" or "Plaintiff") has filed a Response in Opposition, Dkt. 24, to which Defendant Replied. Dkt. 27. Upon careful consideration, the Court concludes that the Complaint is sufficient to withstand dismissal.

## BACKGROUND

Plaintiff Garcia worked for Defendant AOH as an assistant restaurant manager for the "Tzeva" restaurant inside the hotel. Dkt. 21 ¶¶ 2–3. Plaintiff is a

Hispanic male who worked for Defendant for at least four years before filing the instant action. *Id.* ¶¶ 1, 12.

Plaintiff alleges that in June 2023, the Roof Top Restaurant Manager, Nick Perdue, made a discriminatory remark towards Plaintiff while discussing work issues. *Id.* ¶¶ 15, 17 During this conversation, Perdue allegedly told Mr. Garcia, "For a Spanish dude, you do good work!" *Id.* ¶ 17. While Perdue is not Plaintiff's direct supervisor, "he was Plaintiff's superior." *Id.* ¶¶ 15–16. Plaintiff contends he was "offended" by Perdue's racist statement about his work ethic and race. *Id.* ¶ 21. Indeed, because Perdue was Mr. Garcia's superior, Plaintiff asserts the racist statement "significantly impacted the terms and conditions of Plaintiff's work environment" by causing humiliation and embarrassment to Plaintiff. *Id.* ¶ 24. Moreover, the single derogatory comment allegedly "impaired Plaintiff's ability to work as a manager because Mr. Perdue damaged Plaintiff's reputation and authority within Defendant's organization." *Id.* ¶ 26.

On or about July 6, 2023, Plaintiff made a complaint to General Manager Greg Tinsley and Director of Food & Beverage Chris Nogulich about the racist comment made by Perdue. *Id.* ¶ 27. During this meeting, Plaintiff told his supervisors that Perdue's comments were racist, discriminatory, and offensive to Plaintiff. *Id.* ¶ 28. Plaintiff alleges no disciplinary action was taken against Perdue. *Id.* ¶ 37.

On July 7, 2023, General Manager Tinsley informed Plaintiff that he was suspended pending an investigation for allegedly making a social media post about Perdue. *Id.* ¶ 35. Plaintiff denies making any social media post about Perdue. *Id.* ¶ 36. A couple of days later, on July 13, 2023, General Manager Tinsley informed Plaintiff that he was being terminated for allegedly violating Defendant's social media policy. *Id.* ¶ 38.

On December 26, 2024, Plaintiff filed a Complaint against Defendant, alleging a single count of retaliation under 42 U.S.C. § 1981. Dkt. 1. Plaintiff later amended the Complaint, still alleging one count of retaliation under 42 U.S.C. § 1981 (the "Amended Complaint"). Dkt. 21. Defendant now moves to dismiss the Amended Complaint with prejudice, arguing Plaintiff has failed to state a claim upon which relief can be granted. Dkt. 23.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In assessing the legal sufficiency of a complaint's allegations, the Court applies the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, conclusory allegations, unwarranted deductions of facts, and legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## DISCUSSION

For the reasons discussed below, the Court finds Plaintiff has sufficiently pled his Section 1981 retaliation claim. Defendant's motion to dismiss for failure to state a claim is denied.

## I.    Retaliation Claim Under Section 1981

Defendant argues that Plaintiff has failed to state a claim for retaliation under Section 1981 because Plaintiff's "objection to a single racially insensitive comment allegedly made to him by coworker, Mr. Perdue. . . . fails to meet the minimum pleading requirements." Dkt. 23 at 4. The Court disagrees.

4

"Retaliation claims are also cognizable under 42 U.S.C. § 1981 and are analyzed under the same framework as Title VII claims." *Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020) (citation omitted). To establish a *prima facie* case under Title VII for retaliation, a plaintiff is required to show that (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal relation between the protected activity and the adverse action. *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018); *Bryant v. Jones*, 575 F.3d 1281, 1307–08 (11th Cir. 2009).

As to the first element, "an employee has engaged in protected activity if she has: (1) opposed an unlawful employment practice [the 'opposition clause'], or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII's retaliation provision [the 'participation clause']." *Smith v. City of Fort Pierce, Fla.*, 565 F. App'x 774, 776–77 (11th Cir. 2014) (quoting *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000)). To establish a statutorily protected expression under the opposition clause, a "plaintiff must not only show that he subjectively (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was objectively reasonable in light of the facts and record presented." *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1213 (11th Cir. 2008) (quoting *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997)). "Even

so, the plaintiff is not required to prove that the discriminatory conduct complained of was actually unlawful. The conduct opposed need only be close enough to support an objectively reasonable belief that it is." *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1311 (11th Cir. 2016) (citation and quotation omitted).

The reasonableness of a plaintiff's belief that his employer "engaged in an unlawful employment practice must be measured against existing substantive law." *Howard v. Walgreen Co.*, 605 F.3d 1239, 1245 (11th Cir. 2010) (citation omitted). The Eleventh Circuit has already found that "[s]tatutorily protected expression includes internal complaints of discrimination to superiors," *Gerard v. Bd. of Regents of State of Ga.*, 324 F. App'x 818, 825 (11th Cir. 2009) (citing *Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1201 (11th Cir. 2001)), and that "informal complaints can constitute protected activity." *Tebo v. City of DeBary*, 784 F. App'x 727, 731 (11th Cir. 2019) (citing *Rollins v. State of Fla. Dep't of Law Enforcement*, 868 F.2d 397, 400 (11th Cir. 1989)); *see also Bolton v. Baldwin Cnty. Pub. Sch.*, 627 F. App'x 800, 803 (11th Cir. 2015) ("Protected activities include the filing of a formal complaint, the voicing informally of a complaint to superiors, or the use of an employer's internal grievance procedure to report alleged discrimination.").

Concerning the causation element, a plaintiff must allege that his "protected activity was a but-for cause" of his termination. *Yelling v. St. Vincent's Health Sys.*, 82 F.4th 1329, 1338 (11th Cir. 2023); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570

6

U.S. 338, 352 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation."). In other words, "a plaintiff must prove that had she not complained, she would not have been fired." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018)). "The burden of causation can [also] be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). However, "mere temporal proximity, without more, must be 'very close.'" *Id.* (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)).

Here, accepting all factual allegations as true, elements one and two have been sufficiently pled in the Amended Complaint. Plaintiff engaged in statutorily protected activity by reporting an instance of racial discrimination to his direct supervisors, and Mr. Garcia suffered an adverse employment action when he was suspended and then terminated by Defendant. Dkt. 21 ¶¶ 27, 35, 38; *see Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998) ("It is undisputed that [plaintiff] has met the first two elements of his prima facie case of retaliatory discrimination, i.e., that he engaged in statutorily protected conduct (reporting alleged race discrimination) and suffered an adverse employment action (termination)."). Moreover, Plaintiff's Amended Complaint sufficiently alleges that Mr. Garcia not only subjectively believed that the conduct opposed constituted racial

discrimination, Dkt. 21 ¶¶ 18–21, but also that his belief was objectively reasonable since he specifically made an internal complaint to his supervisors that identified Perdue and the racially discriminatory conduct. *Id.* ¶¶ 27–32, 34.

Defendant contends, however, that a single racist remark by a co-worker is insufficient to be a "reasonable belief" that Plaintiff was opposing an unlawful employment practice. Dkt. 23 at 7. Further, Defendant asserts that the Amended Complaint's new allegation that "Plaintiff had been informed by other employees that Mr. Perdue was racist and discriminated against minorities" is vague and conclusory. *Id.* at 7–8 (citing Dkt. 21 ¶ 22). While the Court agrees that some of the Amended Complaint contains unsupported conclusory allegations, Plaintiff alleges sufficient facts that support a reasonable inference that he held an objectively reasonable belief that he opposed an unlawful employment practice. Indeed, protected activity includes voicing a complaint to superiors about alleged discrimination. *See Bolton*, 627 F. App'x at 803. Without the benefit of discovery, it would be premature to dismiss the Amended Complaint when Plaintiff's one example might be relevant to sustaining an overall finding about the reasonableness of Mr. Garcia's belief. However, Defendants may renew this objection at the summary judgment stage.

Next, at this stage in the proceeding, the Court also finds that the Amended Complaint sufficiently alleges some causal relationship between the protected

activity and adverse action. Plaintiff claims Defendant suspended him one day after making his complaint about Perdue, and then formally terminated his employment seven days after talking to his supervisors. Dkt. 21 ¶¶ 27, 35–38. The seven days between Mr. Garcia making a complaint (the statutorily protected activity) and his termination (the adverse employment action) sufficiently show a "close temporal proximity." *See Thomas*, 506 F.3d at 1364. Accordingly, Plaintiff has sufficiently stated a claim for retaliation under Section 1981.

**CONCLUSION**

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant AOH's Motion to Dismiss Plaintiff's Complaint, Dkt. 23, is **DENIED.** Defendant must file a responsive pleading within 14 days of the entry of this Order.

**DONE AND ORDERED** at Tampa, Florida, on May 14, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record